```
                IN THE UNITED STATES DISTRICT COURT

             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STEVEN P. SCHELLING,              :        CIVIL ACTION
          Plaintiff               :
                                  :
     VS.                          :
                                  :
JO ANNE B. BARNHART,              :
Commissioner of Social Security,  :
          Defendant               :        NO. 04-2312
```

### REPORT AND RECOMMENDATION

**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Steven Schelling, brought this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his request for a waiver of the recovery of an overpayment of disability insurance benefits (DIB). The parties have filed cross-motions for summary judgment. For the reasons which follow, it is recommended that summary judgment be granted in favor of the Commissioner.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a fifty-one year-old male born on May 22, 1953 (Tr. 36). He has a college education having majored in business administration and elementary education (Tr. 25).

Plaintiff was receiving supplemental security income (SSI)

1

benefits based on a June 1982 application when on November 29, 1985, he was informed by letter from the Social Security Administration (SSA) that he had completed a nine-month trial work period and a determination would have to be made whether this amounted to substantial gainful activity (Tr. 85-86). This letter explained to the plaintiff that an individual is entitled to receive benefits for the month that disability ceases and for two additional months thereafter, and that in his case he would be entitled to benefits until July 1985 (Tr. 85-86).

On December 30, 1985, the SSA informed plaintiff that it issued a final determination that he demonstrated the ability to perform substantial gainful activity in May of 1985 and, therefore, benefits should have ceased as of July 1985 (Tr. 84). In a letter dated February 13, 1986, SSA informed the plaintiff that he received an overpayment of benefits from September 1985 through January 1986, and must refund such (Tr. 76-83).

Plaintiff again was granted benefits in November 1987 based on a January 1988 Disability Insurance Benefits (DIB) application (Tr. 116), and he received such through September 1992 (Tr. 177). In a decision dated May 17, 2001, SSA determined that plaintiff had been overpaid a total of $20,712.00, $4503.00 of which was waived. The decision stated that plaintiff had been overpaid for his first period of disability due to the fact that he was working. It added that "[B]ecause of this prior entitlement, Mr. Shelling knew or

should have known that work affected entitlement to benefits. Mr. Shelling did report his work; however, there is a signed statement in his file dated may 1992 which states that he was advised by the District Office to hold onto the checks until a decision was made on his work. Mr. Schelling cannot be found without fault in causing the overpayment" (Tr. 177-178).

SSA denied plaintiff's request for a waiver of the overpayment on May 15, 2001 (Tr. 172), and he then requested a hearing before an administrative law judge (ALJ). Plaintiff appeared for a hearing on May 7, 2002, but the ALJ continued it because he was unrepresented (Tr. 14-18). On September 16, 2002, another hearing was commenced. Plaintiff, again, appeared unrepresented, but chose to proceed (Tr. 19-35).

The ALJ issued a decision on January 10, 2003 denying plaintiff's request to waive the recovery of the overpayment of benefits (Tr. 11-13). The Appeals Council then denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner (Tr. 4-6). Presently, plaintiff has appealed that decision to this court.

## **DISCUSSION**

The role of this court, on judicial review, is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); Pierce v. Underwood, 587 U.S. 552

(1988). "Substantial evidence" is not "a large or significant amount of evidence but rather such relevant evidence as a reasonable mind might accept to support a conclusion." Id. at 664-65. "The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

42 U.S.C. § 404 (b) of the Social Security Act (Act) provides in relevant part that when a person is overpaid benefits:

> ". . . there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience. In making for purposes of this subchapter any determination of whether any individual is without fault, the Commissioner of Social Security shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have."

The Social Security Regulations provide that "[W]hen a waiver is requested, the individual gives SSA information to support his/her contention that he/she is without fault in causing the overpayment." 20 C.F.R. § 404.506(c).

"Although the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such individual is not without fault." 20 C.F.R. § 404.507. This section further states that an overpaid individual is not "without fault" when such overpayment resulted from:

> "(a) An incorrect statement made by the individual which

4

      he knew or should have known to be incorrect; or

          (b) Failure to furnish information which he knew or should have known to be material; or

          (c) With respect to the overpayment individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect."

At first glance, this case looks like an easy decision in favor of the plaintiff. Social Security is seeking to recover an overpayment of benefits that it should have discovered and ceased before it became an issue from an individual who has an income of only approximately $750.00 a month. This would surely seem to be "against equity and good conscience" under 42 U.S.C. § 404(b).

However, this section makes it clear that a person must first be "without fault" in order for any overpayment of benefits to be waived on the basis of being "against equity and good conscience." Here, the record and plaintiff's own actions and testimony support the ALJ's decision that the plaintiff is not "without fault" for the overpayment.

Plaintiff testified at the administrative hearing that he reported his wages at least four times, but the checks were not stopped until he closed the checking account where the checks were being deposited. He asserts that because the checks didn't stop even after he reported his wages, he believed he was entitled to a new nine-month trial work period. He added further that he believed he fulfilled his obligation to Social Security by reporting changes in his work status (Tr. 27-30).

In his summary judgment motion, he argues that the issue of whether a claimant is entitled to two nine-month trial work periods is a complicated one for a lay person to understand, and the ALJ should have taken this into consideration. However, <u>Goldfin v. Weinberger</u>, 381 F.Supp. 171 (E.D. Pa. 1974) held that even though there may have been an honest mistake in relation to the receipt of an overpayment of benefits, the recipient may nonetheless be at "fault" within the meaning of 42 U.S.C. § 404(b).

Here, plaintiff is not "without fault" under 20 C.F.R. § 404.507(c) since he "knew or could have been expected to know" that the overpayment was incorrect. First, he had already been notified by the SSA on February 13, 1986 that he had received an overpayment of benefits from September 1985 through January 1986 (Tr. 76-83). He, thus, had prior knowledge that he was not entitled to receive benefits during the time he was working. As noted above, he had become re-entitled to benefits effective November 1987, but he began working in April 1988 and continued to accept and cash checks through September 1992 (Tr. 116, 177). He went on, however, to cash benefit checks for more than four years, well beyond another nine-month trial work period that he believed he was entitled.

In addition, plaintiff's actions indicated that he "knew" or should "have known" that the overpayment was incorrect. He contacted Social Security four times to inform them that he was working, an indication that he was aware that he should not have

6

been receiving benefits while he was working.  Moreover, he acknowledged that he was told by Social Security to hold the checks until it investigated the matter, but he cashed them regardless (Tr. 30-31).  Accordingly, plaintiff cannot be found to be "without fault" for the overpayment.

In conclusion, the ALJ considered and analyzed all the relevant evidence, and indicated both the evidence relied upon and his rationale in making his determination.  <u>Cotter v. Harris</u>, 650 F.2d 481 (3d Cir. 1981).  Accordingly, the Commissioner's motion for summary judgment should be granted.[1]

Therefore, the court makes the following:

### **RECOMMENDATION**

**AND NOW**, this              day of                    , 2005, **IT IS RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED** and the Commissioner's Motion for Summary Judgment be **GRANTED**.

_____
                                **LINDA K. CARACAPPA**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] In addition, plaintiff's assertion that the ALJ failed to properly develop the record is without merit.  A reading of the hearing transcript clearly shows that the ALJ asked the plaintiff pertinent questions regarding the overpayment, and gave him every opportunity to explain his position for believing he was "without fault."